IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **BOBBY J. PORCHE** | * CIVIL ACTION |
| | * NO. |
| **VERSUS** | * |
| | *  JUDGE: |
| **OCCIDENTAL PETROLEUM CORPORATION;** | * |
| **ANADARKO PETROLEUM CORPORATION;** | * |
| and **ANADARKO US OFFSHORE LLC** | * MAGISTRATE: |
| a/k/a **OCCIDENTAL US OFFSHORE** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **Bobby J. Porche**, a person of the full age of majority domiciled in the State of Louisiana, who respectfully avers as follows:

■ **PARTIES** ■

1.1    Plaintiff, **Bobby J. Porche** ("MR. PORCHE") is a citizen and resident of the State of Louisiana;

1.2    Defendant, **Occidental Petroleum Corporation** ("OCCIDENTAL"), is a Delaware corporation, with its headquarters and/or principal place of business in the State of Texas that regularly does business in a systematic and continuous manner in the State of Texas.  It may be served by service upon its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA;

1.3    Defendant, **Anadarko Petroleum Corporation** ("ANADARKO PETROLEUM"), is a Delaware corporation, a wholly owned and controlled subsidiary of OCCIDENTAL, with its headquarters and/or principal place of business in the State of Texas that regularly does business

in a systematic and continuous manner in the State of Texas. It may be served by service upon its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA;

1.4     Defendant, **Anadarko US Offshore LLC a/k/a OCCIDENTAL US OFFSHORE** ("ANADARKO US"), is a Delaware limited liability company, a wholly owned and controlled subsidiary of OCCIDENTAL, whose members are believed to be residents of States and/or countries other than the State of Louisiana and the United States of America, with its headquarters and/or principal place of business in the State of Texas that regularly does business in a systematic and continuous manner in the State of Texas. It may be served by service upon its registered agent C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

### ■ JURISDICTION AND VENUE ■

2.1     Plaintiff's claims exceed $75,000 and are brought pursuant to the Outer Continental Shelf Lands Act, 43 USC § 1331 *et seq.*, as may be supplemented by applicable State Law.

2.2     Venue is proper as the underlying claims occurred in on a platform located south of Galveston, Texas in block East Breaks 643 of the Gulf of Mexico and Defendants conduct business and maintain headquarters and/or principal places of business in the State of Texas and within the bounds of the United States District Court for the Southern District of Texas.

### ■ FACTUAL BACKGROUND ■

3.1     This suit is necessary to collect a legal debt and damages due and owing MR. PORCHE due to the negligence of Defendants directly contributing to serious injuries to MR. PORCHE on or about November 15, 2020, while working offshore ("the Incident in Question") on the Boomvang platform, located south of Galveston, Texas in block East Breaks 643 of the Gulf of Mexico. On or about November 15, 2020, MR. PORCHE was employed as a field service mechanic by Archrock Services, LP and sent to the Boomvang platform to work on a compressor,

which required the removal and replacement of a piston on that compressor. To remove and replace the piston which weighed over 200 pounds, MR. PORCHE and his co-workers were required to use a chainfall and rigging that was hooked to a chain driven geared trolley that was attached to an I-beam located above the compressor. Defendants' platform was improperly equipped for the job because the I-beams did not adequately extend out away from the sides of the compressor, thereby not allowing the trolley and attached chainfall to remain directly over the piston as it was removed from the cylinder of the compressor and pulled away from the compressor frame. Unfortunately, the I-beam on the Boomvang platform did not extend past the outer edge of the compressor; thus requiring the piston to be manually pulled away from the cylinder of the compressor and causing the lifting chainfall and sling to be at an angle away from the compressor as the piston was removed. Moreover, Defendants did not complete the proper pre-job planning, including insufficient safety meetings, job/safety planning, and safety documentation. As a result of Defendants' negligence, at the time of the Incident in Question, as the piston was being removed, the piston shifted in the sling, due to the angle of lift required by the configuration of the Boomvang platform's I-beam and rigging. The piston subsequently fell from the rigging, crushing MR. PORCHE'S legs, necessitating surgery and rendering him unable to resume work. As a result of his severe injuries, Mr. Porche was required to use to a wheelchair and/or a walker for approximately one year after his injury and has subsequently developed severe pain his left shoulder as a result of the extra stress put on that shoulder. In all, Mr. Porche has been left with serious and permanent debilitating injuries to his legs, shoulder, and body generally.

3.2   On information and belief, OCCIDENTAL, ANADARKO PETROLEUM and/or ANADARKO US were the owners and operators of the Boomvang platform, located south of

Galveston, Texas in block East Breaks 643 of the Gulf of Mexico, and were responsible for the dangerous conditions that were a legal cause of MR. PORCHE'S injuries.

3.3     MR. PORCHE would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which MR. PORCHE was injured was proximately caused by the negligence, as that term is understood in law, on the part of OCCIDENTAL, ANADARKO PETROLEUM and/or ANADARKO US.

## ■ FIRST CAUSE OF ACTION—NEGLIGENCE ■

4.1     Paragraphs 1.1 through 3.3 are incorporated by reference as though fully set forth herein.

4.2     OCCIDENTAL, ANADARKO PETROLEUM and/or ANADARKO US, by and through each of their employees and officers, was negligent in creating the dangerous conditions that proximately resulted in MR. PORCHE's injuries and in failing to provide a safe place to work, proper and safe means with which to complete his work, and in other respects. Under the circumstances presented by OCCIDENTAL, ANADARKO PETROLEUM and/or ANADARKO US in violation of law, OCCIDENTAL, ANADARKO PETROLEUM and/or ANADARKO US are also liable for negligence per se.

## SECOND CAUSE OF ACTION— PUNITIVE DAMAGES

5.1     Paragraphs 1.1 through 4.2 are incorporated by reference as though fully set forth herein.

5.2     Defendants engaged in gross negligence and acted with malice (as that term is legally defined) in the conduct involved in the Incident in Question. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Mr. Porche. Therefore, Plaintiff seeks Punitive/Exemplary damages for Defendants' conduct.

## ■ DAMAGES ■

6.1    By reason of the incident in question, MR. PORCHE sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future. At the time of the incident in question, MR. PORCHE was a healthy, able-bodied workingman, but now has sustained physical impairment and disfigurement of which he will continue to suffer from as a result of the incident. MR. PORCHE still experiences severe pain and disability in his right leg, left leg and left shoulder.

6.2    These very painful and disabling injuries have caused MR. PORCHE to sustain a significant loss of earnings and wage-earning capacity in the past and this condition will exist in the future. Because of the nature and severity of the injuries he has sustained, MR. PORCHE has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future.  Charges for such medical treatment that have been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

6.3    MR. PORCHE would additionally say and show that he is entitled to recovery of prejudgment interest in accordance with law and equity as part of his damages herein, and MR. PORCHE here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas and the United States of America.

## **JURY DEMAND**

COMES NOW, Plaintiff in the above-styled and numbered cause, and hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the States of Texas and preserved by the sacrifices of many.

## ■ PRAYER ■

WHEREFORE, PREMISES CONSIDERED, MR. PORCHE prays:

(a) That process in due form of law according to the practice of this Honorable Court issue against the DEFENDANTS, citing them to appear and answer all and singular the matters aforesaid.

(b) That after all due proceedings are had, that there be judgment rendered in favor of Plaintiff, BOBBY J. PORCHE, and against DEFENDANTS jointly, severally and *in solido* for all damages that are reasonable in the premises, together with legal interest, and all costs of these proceedings; and

(c) Such other and further relief that this Court may deem appropriate.

Respectfully submitted,

**Doyle Dennis LLP**

*/s/Michael Patrick Doyle*
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY AVERY
State Bar No. 24085185
EMMA R. BROCKWAY
State Bar No. 24125156
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:   713.571.1148
service@doylelawfirm.com

AND

CHARLES  C.  BOURQUE,  JR.  (LSBA 20118)
JOSEPH G. JEVIC, III (LSBA 23145)
*Pro Hac Vice Pending*
**ST. MARTIN & BOURQUE**
315 Barrow St.
Houma, Louisiana 70360
Phone:  (985) 876-3891
Fax:     (985) 851-2219

**ATTORNEYS FOR PLAINTIFF**